```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                 CIVIL NO. 26-335(DSD/DJF)
```

Sara G.,

       Petitioner,

v.

                                  **ORDER**

Pamela Bondi, Attorney General; Kristi Noem, U.S. Department of Homeland Security; Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; Immigration and Customs Enforcement; Daren K. Margolin, Director for Executive Office for Immigration Review; Executive Office for Immigration Review; and David Easterwood, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement,

       Respondents.

     This matter is before the court upon the petition for writ of habeas corpus. Based on a review of the file, record, and proceedings herein, the court grants the petition.

     Petitioner Sara G. a native and citizen of Guatemala. Pet. ¶ 27. Sara entered the United states without inspection over thirty years ago. Id. ¶ 28. There is no dispute that Sara has no criminal history and that she has not applied for legal status in the United States. On January 15, 2026, respondents detained Sara.

Id. ¶ 29.  She remains in respondents' custody in Minnesota, although her exact location is unknown.  Id. ¶ 35.

Through her petition, brought under 28 U.S.C. § 2241, Sara challenges her detention and requests immediate release or an expedited bond hearing, as well as declarative relief.  The narrow issue presented is whether Sara is subject to 8 U.S.C. § 1225(b)(2), which mandates detention, or 8 U.S.C. § 1226, which is discretionary with respect to detention pending a bond hearing.  Pet. ¶¶ 36-60.  She argues that respondents have erroneously classified her as falling under § 1225(b)(2), which violates her Fifth Amendment right to due process, the Immigration and Nationality Act, 8 U.S.C. §§ 1225(b)(2) and 1226(a), and related regulations.  Id. ¶¶ 70-92.

The issue presented has been ruled on by many judges in this district and beyond.  The great weight of authority persuasively holds that Sara and others in her circumstances have been improperly detained under § 1225(b)(2) and should be allowed the processes available under § 1226.  See Elias C. v. Bondi, No. 26-cv-307, 2026 WL 145962 (D. Minn. Jan. 20, 2026) (collecting cases).  Indeed, courts have overwhelmingly ruled that § 1225(b)(2) applies to applicants "seeking admission," and that § 1226 applies to "aliens already in the country."  See id.  The court agrees with such authority and will follow suit without additional discussion.

Here, because Sara has lived in the United States for more than thirty years, her detention falls under § 1226. She is therefore subject to discretionary detention and entitled to a bond hearing.

Accordingly, **IT IS HEREBY ORDERED that t**he petition for writ of habeas corpus [ECF No. 1] is granted as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, under the discretionary provisions of 8 U.S.C. § 1226;

2. Respondents shall provide petitioner a bond hearing in accordance with 8 U.S.C. § 1226(a)(2)(A) within seven days of the date of this order; and

3. Respondents are enjoined from removing, transferring, or otherwise facilitating the removal of petitioner from the District of Minnesota before the bond hearing.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:   January 21, 2026         /s David S. Doty
                                  David S. Doty, Judge
                                  United Stated District Court